IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **FREDDIE WALKER** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CIVIL ACTION NO.** |
| vs. | ) | |
| | ) | |
| **PACES PROPERTIES, LLC,** | ) | |
| **And KROG OWNER, LLC** | ) | |
| | ) | **Jury Trial Demand** |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Freddie Walker, brings this Complaint against his former joint employers, Paces Properties, LLC and Krog Owner, LLC for unpaid overtime in violations of the Fair Labor Standards Act and asks the Court to consider the following:

### I.   Introduction

1.

Defendants, Paces Properties, LLC, and Krog Owner, LLC, own and operate several mixed-use developments throughout the metro-Atlanta area, including two known commercially as "Atlanta Stove Works" and "Krog Street Market."

2.

On October 24, 2012, Defendants hired Freddie Walker to provide after-hour security to the Atlanta Stove Works and the site that would subsequently become Krog Street Market.

3.

From October 24, 2012 until approximately September 2014, Mr. Walker provided security to Defendants from 7:00 pm until 7:00 am alternating three and four days per week.

4.

From September 2014 until approximately January 2015, Mr. Walker provided other services to Defendants and had a variable schedule, but generally worked more than forty hours every week.

5.

From October 24, 2012 until approximately January 2015, Defendants compensated Mr. Walker at a salary of $12.50/hour.

6.

While Defendants paid Mr. Walker for every hour that he worked, Defendants failed to pay him one and one half time his regular rate for his overtime hours in willful violation of the FLSA.

7.

Mr. Walker calculates that, between October 2012 and January 2015, he worked approximately 564 overtime hours for which he was not paid time and a half.

## II.   Parties, Jurisdiction, and Venue

8.

Plaintiff, Freddie Walker, is a resident and citizen of the State of Georgia. Mr. Walker may be served through the undersigned counsel.

9.

Defendant, Paces Properties, LLC, is a Georgia limited liability company. At all times relevant to this lawsuit, Paces Properties, LLC was Mr. Walker's joint employer for purposes of the Fair Labor Standards Act. Paces Properties, LLC may be served through its registered agent, David P. Cochran at 2850 Paces Ferry Road, SE, Suite 410 Atlanta, Georgia 30339.

10.

Defendant Krog Owner, LLC is a Georgia limited liability company. At all times relevant to this lawsuit, Krog Owner was Mr. Walker's joint employer for purposes of the Fair Labor Standards Act. Krog Owner may be served through its

registered agent, David P. Cochran at 4300 Paces Ferry Road, Suite 500, Atlanta Georgia 30339.

11.

At all times relevant to this lawsuit, Defendants were (and remain) enterprises engaged in commerce and, therefore, subject to the Fair Labor Standards Act.

12.

This case arises under the Fair Labor Standards Act and presents a federal question. Therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

13.

This Court has personal jurisdiction over Defendants because they are both residents and citizens of the State of Georgia.

14.

Venue is proper in this district (and in the Atlanta Division) because the Defendants are both residents, as defined in 28 U.S.C. § 1391(c), of Fulton County, Georgia, which is in this Court's Atlanta Division.

### III. Plaintiff's Employment

15.

Defendants own and operate several mixed-use property developments in the metro-Atlanta area.

16.

Both Defendants are enterprises engaged in commerce or in the production of goods for commerce, as that phrase is defined in 29 U.S.C. § 203(s)(1).

17.

At all times relevant to this lawsuit, Defendants (individually and collectively) have generated sales or revenue in excess of $500,000.00 per year.

18.

Since October 2012, Mr. Walker has been jointly employed by both Defendants.

19.

From approximately October 2012 until September 2014, Mr. Walker provided security for the Defendants while wearing "Pace Properties, LLC" uniforms.

20.

Beginning in approximately September 2014, Mr. Walker's role changed and he performed more maintenance and janitorial-type services for the Defendants.

21.

Mr. Walker's salary was $12.50 per hour.

22.

In the period in which he was providing security for Defendants (i.e., approximately October 2012 until September 2014), Mr. Walker was scheduled to work from 7:00 pm until 7:00 am, but the number of days he was scheduled alternated each week between three and four days per week.

23.

After September 2014, Defendants provided Mr. Walker a more varied scheduled, but he still worked approximately fifty hours per week from September 2014 until January 2015.

24.

Although Defendants compensated Mr. Walker for every hour that he worked, Defendants failed to ever pay him time and a half for his overtime hours.

25.

At all times during his employment with Defendants, Mr. Walker was a non-exempt employee under the Fair Labor Standards Act.

26.

Mr. Walker performed all tasks assigned to him by Defendants during his employment.

27.

Mr. Walker never had the authority to hire or fire any employees and never had any subordinate employees report to him.

28.

Defendant willfully and knowingly violated the Fair Labor Standards Act by failing to compensate Mr. Walker for his overtime hours as required in 29 U.S.C. § 207.

## COUNT ONE: FAILURE TO PAY OVERTIME WAGES

29.

Plaintiff hereby incorporates Paragraphs 1 through 28 of this Complaint as if set forth fully herein.

30.

Defendants failed to pay Plaintiff one and one half times his regular rate for overtime hours (beyond forty hours per week) during the entire duration of Plaintiff's employment.

31.

Defendants' failure to pay Mr. Walker at least one and one half times his regular rate for his overtime hours constitutes a willful and knowing violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

32.

Defendants also failed to keep all records required by 29 U.S.C. § 211(c) regarding the wages, hours, and other conditions of employment of Plaintiff for the time period required by law.

33.

Plaintiff is entitled to the recovery of his unpaid overtime compensation, an equivalent amount in liquidated damages, and his attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff requests the Court enter the following relief:

A. Grant Plaintiff a jury trial on all claims contained herein;

B. Award Plaintiff damages in amount to be proven at trial for Defendant's willful violation of the FLSA in refusing to compensate Plaintiff properly for his overtime work;

C. Award Plaintiff liquidated damage for Defendants' willful violations of the FLSA;

D. Award Plaintiff attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

E. Grant all other and further relief as the Court finds just and proper.

Respectfully submitted this 29th day of January, 2015.

                                                    s/Logan B. Winkles
                                                    Logan B. Winkles
                                                    Georgia Bar Number 136906
                                                    William E. Cannon, III
                                                    Georgia Bar Number 305130
                                                    CANNON, MIHILL & WINKLES, LLC
                                                    101 Marietta Street
                                                    Suite 3120
                                                    Atlanta, Georgia 30303
                                                    Telephone: (404) 891-6700
                                                    Fax: (404) 891-6701
                                                    lwinkles@cmw-law.com
                                                    Attorney for Plaintiff